UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAISY ADAMES,

                Plaintiff,

  -against-

QVC, INC. and FITBIT, INC.,

                Defendants.
------------------------------------------------------------------------X

Civil Action No.: 1:21-cv-5619

**NOTICE OF REMOVAL**

### TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

Defendant FITBIT, LLC i/s/h/a "Fitbit, Inc." ("Fitbit") by and through its attorneys, Haworth Barber & Gerstman, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of this civil action from the Supreme Court of the State of New York, Suffolk County, to the United States District Court for the Eastern District of New York. The grounds for removal are as follows:

    1.    On or about July 12, 2021, the above-entitled action was commenced against defendants Fitbit and QVC, Inc. ("QVC") in New York State Supreme Court, Suffolk County. The suit is identified in the Supreme Court as <u>Daisy Adames v. QVC, Inc. and Fitbit, Inc.,</u> bearing Index No.: 613043/2021. <u>See</u> Summons and Complaint, attached as **Ex. "A."**

    2.    Fitbit was served with a Summons and Complaint via Secretary of State of New York on July 15, 2021. <u>Id</u>.

    3.    Fitbit's time to Answer was extended via stipulation and has not yet expired. <u>See</u> stipulation attached as **Ex. "B."**

    4.    Defendant QVC filed and served an Answer on October 1, 2021. <u>See</u> **Exhibit "C."**

5. Plaintiff's Complaint does not contain a specific demand for relief and it is not facially apparent from the Complaint whether the amount in controversy exceeds the $75,000 threshold, pursuant to 28 U.S.C. §§ 1446. **See Ex "A."**

6. On September 8, 2021 plaintiff provided defendant Fitbit with a settlement demand letter, which alleged damages to the plaintiff in the amount of $125,000. **See Ex. "D"**. Since it was not facially apparent from plaintiff's Complaint whether the amount in controversy exceeded the $75,000 threshold, pursuant to 28 U.S.C. § 1446(b), Fitbit can remove the action within thirty days from the date from which it may be first ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

7. The filing of this Notice of Removal is timely because it is made within thirty days of the date from which Fitbit became aware that this action is removable on the basis of the amount in controversy exceeding the $75,000 threshold, under 28 U.S.C. § 1446(b)(3).

8. There is complete diversity of citizenship between the parties.

9. Based upon plaintiff's Summons and Complaint, plaintiff is a resident of the State of New York. See **Exhibit "A."**

10. Defendant QVC, Inc. is incorporated in the state of Delaware and maintains a principal place of business at 1200 Wilson Drive, West Chester, Pennsylvania 19380. QVC is therefore a citizen of Delaware and Pennsylvania for diversity purposes.

11. Fitbit is a limited liability company and wholly owned subsidiary of Google LLC, which is incorporated in the state of Delaware and maintains a principal place of business in Mountain View California.

12. Google LLC is a wholly owned subsidiary of XXVI Holdings Inc., which is incorporated in the state of Delaware and maintains a principal place of business in Mountain View California.

13. XXVI Holdings Inc., is a wholly owned subsidiary of Alphabet Inc., which is incorporated in the state of Delaware and maintains a principal place of business in Mountain View California.

14. Fitbit is therefore a citizen of Delaware and California for diversity purposes. See Castillo Grand, LLC v. Sheraton Operating Corp., 719 F.3d 120, 121 (2d Cir. 2013).

15. For the purposes of establishing diversity jurisdiction, a limited liability company is a citizen of each state in which its individual members are citizens. U. S. Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408 (E.D.N.Y. 2020); see Castillo Grand, LLC v. Sheraton Operating Corp., 719 F.3d 120, 121 (2d Cir. 2013); see Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, (3d Cir. 2010). A corporation is a citizen of the state in which it is incorporated and the state where its principal place of business or "nerve center" is located. See 28 U.S.C. § 1332(c)(1); Johnson v. SmithKline Beecham Corp., 853 F. Supp. 2d 487, 490 (E.D. Pa. 2012), aff'd, 724 F.3d 337 (3d Cir. 2013).

16. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship.

17. Defendant QVC consents to the removal of this action to the United States District Court for the Eastern District of New York.

18. The removal statute now embodied in section 28 of the Judicial Code (U.S. Code, tit. 28, § 71 [28 U.S.C.A. § 71]), providing for removal from the state court to the District Court, authorizes removal at the request of the defendants in all cases in which the District Court has

3

jurisdiction. See Tilly v. Nat'l City Bank of N. Y., 149 Misc. 519, 521, 267 N.Y.S. 667, 669 (Sup. Ct. 1933).

19. Accordingly, as defendant QVC is a resident of Pennsylvania, defendant Fitbit is resident of California and plaintiff is a resident of New York, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and Local Civil Rule 81.1.

20. Additionally, pursuant to 28 U.S.C. § 1446(a) and (d) defendants have served a copy of this Notice of Removal upon all parties, and have filed a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Suffolk County.

21. Attached to this Notice of Removal is a copy of all records and proceedings in the state court from which this case is to be removed. To date, only the Summons and Complaint, and QVC's Answer have been filed. See **Exhibit "A"**.

**WHEREFORE**, defendants respectfully request that the action pending in the Supreme Court of the State of New York, Suffolk County, bearing Index No. 613043/2021, be removed therefrom to this Court.

Dated:       New York, New York
             October 8, 2021

HAWORTH BARBER & GERSTMAN, LLC

/s/ Barry Gerstman
Barry Gerstman (BG-3691)
80 Broadway, 24th Floor
New York, New York 10004
Telephone: (212) 952-1100
Facsimile: (212) 952-1110
Barry.Gerstman@hbandglaw.com
Attorneys for Defendant
Fitbit, LLC i/s/h/a Fitbit, Inc.

TO: *All counsel of record via ECF*

4