Exhibit A

Supreme Court of the State of New York
County of Suffolk

------

DAISY ADAMES,

                    Plaintiff,

- against -

QVC, INC. and FITBIT, INC.,

                    Defendants.

------

Index No.:
Date Filed:

**S U M M O N S**

Plaintiff designates
Suffolk County as the
place of Trial. The basis
of the venue is the County
in which Plaintiff resides.

Plaintiff resides at:
33 Embargo Place
North Babylon, NY 11703
County of Suffolk

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to appear and to answer the Complaint in this action and to serve a copy of your Answer on the Plaintiffs' attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: July 12, 2021
       Great Neck, New York

                                      _____
                                      **The Law Firm of Elias C. Schwartz, PLLC**
                                      **By: Jason M. Rosenbaum, Esq.**
                                      *Attorneys for Plaintiff*
                                      *Daisy Adames*
                                      343 Great Neck Road
                                      Great Neck, New York 11021
                                      (516) 487-0175

**Defendants' Addresses:**

QVC, INC.
c/o Corporation Service Company
80 State Street
Albany, New York 12207

FITBIT, INC.
28 Liberty Street
New York, New York 10005

Supreme Court of the State of New York                Index No.:
County of Suffolk

---

DAISY ADAMES,

                Plaintiff,                **VERIFIED COMPLAINT**

  - against -

QVC, INC. and FITBIT, INC.,

                Defendants.

---

Plaintiff, DAISY ADAMES ("*Plaintiff*"), by her attorneys, THE LAW FIRM OF ELIAS C. SCHWARTZ, PLLC, as and for her Verified Complaint, alleges the following, upon information and belief:

## INTRODUCTION

1. This action arises from Defendants QVC, INC. and FITBIT, INC.'S ("*Defendants*") creation, development, engineering, design, manufacture, wholesale, distribution, retail, advertisement and sale of the Fitbit Blaze™, an activity-tracking wristwatch that measures heart rate, steps walked, and other fitness data and is advertised as a health and wellness product to consumers specifically interested in tracking, monitoring, measuring and improving their overall health and wellness.

2. The Fitbit Blaze™ is designed to be worn as a wristwatch. When worn and operated as intended, the Fitbit Blaze™ does not improve the overall health and wellness of its wearer, but rather, causes skin irritation, rash, burns, blistering, bleeding, peeling, cracking, scarring, nerve damage, electrical shocks, tissue damage and other injuries. Defendants had knowledge of these risks but hid them from their customers and the public as they continued to manufacture, sell, promote, market and distribute the Fitbit Blaze™ despite the harm caused by

said product.

3. Plaintiff brings this claim for personal injuries sustained as a result of wearing and using the Fitbit Blaze™ as intended by Defendants.

## PARTIES

4. On August 20, 2018, and at all relevant times, Plaintiff was and still is a resident of the County of Suffolk, State of New York.

5. Upon information and belief, at all times hereinafter mentioned, Defendant QVC, INC. was and still is a Delaware business corporation authorized to do business, and doing business, in and under the laws of the State of New York.

6. Defendant QVC, INC. is in the business of advertising, distributing, retailing and selling electronic and other products through televised home shopping programs to their clientele and customers, including Plaintiff.

7. At all times hereinafter mentioned, Defendant QVC, INC. was an advertiser, distributor, retailer and/or seller of the product known as the Fitbit Blaze™ (the "*Product*").

8. Upon information and belief, at all times hereinafter mentioned, Defendant FITBIT, INC. was and still is a Delaware corporation authorized to do business, and doing business, in and under the laws of the State of New York.

9. Defendant FITBIT, INC. is in the business of creating, developing, engineering, designing, manufacturing and distributing health and wellness products, including the Product, for purchase and consumption by consumers such as Plaintiff.

10. At all times hereinafter mentioned, defendant FITBIT, INC. was the designer, manufacturer, wholesaler, distributor, retailer, advertiser and/or seller of the Product.

## JURISDICTION AND VENUE

11.     Plaintiff brings this action in the Supreme Court of the State of New York because Plaintiff has been injured in a sum that exceeds the jurisdiction of all lower Courts.

12.     Plaintiff properly designates Suffolk County as the place of Trial. The basis of the venue is the County in which Plaintiff resides.

## STATEMENT OF FACTS

13.     On or about July 29, 2018, after watching an infomercial for the Product on the Quality Value Convenience or "QVC" television channel, Plaintiff purchased the Product from QVC, INC. by calling the advertised customer service telephone number and placing an order for same.

14.     The Product was advertised, distributed, retailed, presented, bestowed and/or sold by Defendant QVC, INC.

15.     The Product was created, developed, engineered, designed, manufactured, wholesaled, distributed, retailed, advertised and/or sold by Defendant FITBIT, INC.

16.     Defendants had knowledge of the defects in the Product that would cause persons wearing and using the Product as intended to suffer skin irritation, rashes, burns, blisters, bleeds, cuts, boils, open wounds, redness, itching, cracking, peeling, scarring, nerve damage, electrical shocks, tissue damage and other physical injuries, including Plaintiff.

17.     Despite this, Defendants marketed, advertised, labeled and represented the Product as being safe, and at no time during the promotion, marketing, advertising, distributing or selling of said product did Defendants warn their customers or the general public of any adverse effects resulting from wearing and using the Product as intended.

18.     On or about August 20, 2018, after receiving the Product in the mail and using

the Product as intended, Plaintiff suffered injuries, including redness and a rash on her wrist, burns, skin irritation, itchiness, scabbing, cracking, peeling, scarring, flaking of the skin, and electrical shock-like sensations throughout her body.

19. As a direct and proximate consequence of Defendants' culpable acts described herein, Plaintiff suffered, and continues to suffer, bodily injury, pain and suffering, disability, the costs for necessary healthcare, treatment and medical services, loss of wages, mental anguish, diminished capacity for the enjoyment of life and diminished quality of life, aggravation of preexisting conditions and activation of latent conditions.

20. As a result, Plaintiff has suffered serious and permanent injuries.

### AS AND FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE

21. Plaintiff repeats, realleges and reiterates the allegations contained in paragraphs "1" through "20," inclusive, as though each were set forth fully at length herein.

22. On or about July 29, 2018, Plaintiff purchased the Product from Defendant QVC, INC.

23. Upon information and belief, the Product was advertised, distributed, retailed and/or sold by Defendant QVC, INC.

24. Upon information and belief, the Product was created, developed, engineered, designed, manufactured, wholesaled, distributed, retailed, advertised and/or sold by Defendant FITBIT, INC.

25. On or about August 20, 2018, Plaintiff suffered injuries, which include redness and a rash on her wrist, burns, skin irritation, itchiness, scabbing, cracking, peeling, scarring, flaking of the skin, and electrical shock-like sensations throughout her body, as a result of using the Product as intended by Defendants in a reasonably foreseeable manner.

26. The Product was in the exclusive care, control and dominion of the Defendants and their employees, agents, servants and/or contractors at all times prior to Plaintiff's purchase thereof.

27. On or about July 29, 2018, Defendant QVC, INC advertised, distributed, retailed, presented, bestowed, and/or sold the Product, which was created, developed, engineered, designed, manufactured, wholesaled, distributed, retailed, advertised and/or sold by FITBIT, INC., to Plaintiff, despite the fact that the Product was not safe for use, in that a defect caused the Product to injure Plaintiff during Plaintiff's normal use of the Product.

28. Defendants had a duty to sell products, including the Product, to their clientele and customers, including Plaintiff, which are safe to use.

29. Defendants had a duty to ensure that products with defective conditions, including the Product, are repaired and/or replaced before selling them to clientele and paying customers, including Plaintiff, and if such product cannot be repaired and/or replaced, Defendants have a duty to warn its clientele or customers of the impending dangers associated with the product sold.

30. Defendants had a duty to provide electronic and other products, including the Product, that comport with the Warranty of Fitness for a Particular Purpose – in this instance, for the purpose of tracking fitness data while being safely worn on Plaintiff's wrist.

31. Defendants owed a duty of reasonable care to Plaintiff.

32. Defendants had a duty to properly inspect and test the Product before selling it to their clientele and customers, including Plaintiff, so as to ensure the safety of said clientele and consumers of said Product, including Plaintiff.

33. On or about July 29, 2018, Defendants breached the foregoing duties by failing to provide Plaintiff with a product that comported with the Warranty of Fitness for a Particular

Purpose, in that Defendants allowed the Product to be sold despite its inherent defects resulting in Plaintiff's injuries, including redness and a rash on her wrist, burns, skin irritation, itchiness, scabbing, cracking, peeling, scarring, flaking of the skin, and electrical shock-like sensations throughout her body, commencing on or about August 20, 2018.

34. On or about July 29, 2017, Defendants breached the duty of reasonable care they owed to Plaintiff.

35. At all times herein mentioned, Defendants were negligent in that they failed to provide Plaintiff with a Product that was free of defects.

36. At all times herein mentioned, Defendants were negligent in that they failed to exercise reasonable care to avoid an unreasonable risk of harm to persons likely to be exposed to danger when the Product was used in its intended and foreseeable manner, including Plaintiff.

37. At all times herein mentioned, Defendants were negligent in that they failed to properly inspect and test the Product before selling it.

38. At all times herein mentioned, Defendants, and/or their agents, servants and/or employees, were careless, negligent, grossly negligent, reckless, knowing, intentional, willful, wanton and/or acted with gross indifference and conscious disregard for the safety and well-being of the consumers and the general public, including Plaintiff, in the following ways: including, but not limited to, failing to take reasonable steps to ensure that the Product was reasonably safe for its intended use; failing to take reasonable precautions to prevent users of the Product from being injured by the Product; failing to exercise reasonable care in the design of the Product; failing to exercise reasonable care and properly manufacture the Product; failing to exercise reasonable care and properly test the Product; failing to exercise reasonable care and properly inspect the Product; failing to exercise reasonable care and properly package the Product; failing to exercise reasonable

care and properly label the Product; failing to exercise reasonable care and provide proper instructions for the Product; failing to exercise reasonable care and provide proper, adequate, necessary and sufficient warnings for the Product and its latent dangers; providing warnings regarding the dangers and use of the Product that were grossly inadequate and insufficient; failing to comply with federal, state and local laws, rules, regulations and ordinances; and continuing to create, design, devise, develop, engineer, fabricate, manufacture, produce, procure, package, market, promote, warrant, distribute, sell, place into the stream of commerce and profit from the Product despite Defendants' knowledge of the dangers it posed and the fact that it caused injuries to Defendants' clientele and consumers.

39. As a result of Defendants' negligence, Plaintiff was caused to be seriously and permanently injured, in that the Product caused Plaintiff to suffer bodily injury, pain and suffering, disability, the costs for necessary healthcare, treatment and medical services, loss of wages, mental anguish, diminished capacity for the enjoyment of life and diminished quality of life, aggravation of preexisting conditions and activation of latent conditions.

40. The incident that occurred on or about August 20, 2018, and caused extensive, serious and permanent injuries to Plaintiff was the sole fault of Defendants, without Plaintiff contributing to her injuries in any manner whatsoever.

41. Defendants knew or should have known, and had actual and constructive notice, that the Product was extremely and unreasonably dangerous, hazardous and not reasonable safe for its intended purposes and foreseeable uses.

42. As a result of Defendants' negligence, Plaintiff was caused to become sick, sore, lame, injured, and hurt and has suffered pain, shock and mental anguish.

43. As a result of Defendants' negligence, Plaintiff's injuries are permanent and,

as a result of said injuries, Plaintiff was caused and will continue to be caused to incur expenses for medical care and attention.

44. As a result of Defendants' negligence, Plaintiff is now unable to perform her normal activities and duties and, as such, has sustained and continues to sustain a significant loss therefrom.

45. As a result of the foregoing, Plaintiff has been injured in a sum that exceeds the jurisdiction of all lower Courts, for which Defendants are jointly and severally liable.

**AS AND FOR A SECOND CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY**

46. Plaintiff repeats, realleges and reiterates the allegations contained in paragraphs "1" through "45," inclusive, as though each were set forth fully at length herein.

47. On or about July 29, 2018, Plaintiff purchased the Product from Defendant QVC, INC.

48. Upon information and belief, the Product was advertised, distributed, retailed and/or sold by Defendant QVC, INC.

49. Upon information and belief, the Product was created, developed, engineered, designed, manufactured, wholesaled, distributed, retailed, advertised and/or sold by Defendant FITBIT, INC.

50. The Product was sold to Plaintiff in a defective condition unreasonably dangerous to Plaintiff.

51. The Product was defective as a result of flaws in the creation, development, engineering, design and/or manufacturing of the Product caused by Defendant FITBIT, INC.

52. The Product was unsafe and dangerous for use by foreseeable users, insofar as the Product could and did cause injury to Plaintiff without warnings or instructions to foreseeable

users using the Product in a foreseeable manner.

53. Plaintiff could not discover that the Product was defective and dangerous through the exercise of ordinary care.

54. Plaintiff used the Product in the manner in which Defendants intended the Product to be used.

55. The Product was defective in design, testing, development, manufacture, fabrication, assembly, modification, distribution, storage, inspection, service, repair, marketing, warranting, merchandising, selling, and the warnings and instructions, if any, were defective and inadequate, in that the Product was capable of causing, and did cause, injuries to ordinary users thereof while being used in a reasonably foreseeable manner, thereby rendering the Product defective, unsafe and dangerous for use by foreseeable users.

56. The aforementioned defects include, but are not limited to, causing users of the Product, including Plaintiff, to suffer skin irritation, rashes, burns, blisters, bleeds, cuts, boils, open wounds, redness, itching, cracking, peeling, scarring, nerve damage, electrical shocks, tissue damage and other physical injuries.

57. At the time of the design, development, engineering, fabrication, manufacture, production, procurement, packaging, warning, labeling, inspection, testing, marketing, promotion, distribution, sale and placement into the stream of commerce of the Product, Defendants, and/or their agents, servants and/or employees, provided defective warnings and instructions regarding the dangers and use of the Product.

58. The Product's defects were of such a nature that they would not be discovered in the normal course of inspection and operation by users thereof.

59. At the time the Product was placed into the stream of commerce by Defendants

and at all relevant times, the Product was in a condition not reasonably contemplated by foreseeable users.

60. At the time the Product was placed into the stream of commerce by Defendants and at all relevant times, the Product was not reasonable safe for foreseeable use by foreseeable users.

61. At the time the Product was placed into the stream of commerce by Defendants and at all relevant times, the Product was unreasonably dangerous for its foreseeable use.

62. At the time the Product was placed into the stream of commerce by Defendants and at all relevant times, the Product presented an unreasonable risk of harm to foreseeable users.

63. At the time the Product was placed into the stream of commerce by Defendants and at all relevant times, there was a likelihood that the Product would cause harm to foreseeable users.

64. At the time the Product was placed into the stream of commerce and at all relevant times, a safer, alternative design – which was available to Defendants but not used – would have allowed the Product to remain functional and reasonably priced.

65. The utility of the Product did not outweigh the danger inherent in its introduction into the stream of commerce.

66. Defendants failed to adequately protect against the defects and dangers that were designed into the Product.

67. Defendants failed to adequately warn Plaintiff and all foreseeable and anticipated users of the Product of its defects and dangers.

68. The Product did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

69. On or about August 20, 2018, when the incident giving rise to this lawsuit occurred, the Product was being used, operated, or controlled by Plaintiff in a reasonably foreseeable manner.

70. On or about August 20, 2018, Plaintiff was a foreseeable and reasonably anticipated user of the Product.

71. The defects in the Product legally, directly, and proximately caused the injuries and damages suffered by Plaintiff complained of herein.

72. The aforementioned acts and omissions of Defendants, and/or their agents, servants and/or employees, are the sole direct and proximate causes of the injuries sustained by Plaintiff.

73. No individual or entity aside from Defendants, and/or their agents, servants and/or employees, bears any comparative fault for the injuries sustained by Plaintiff.

74. Defendants are strictly liable for injury that resulted from Plaintiff's use of the Product.

75. As a result of the foregoing actions by Defendants, Plaintiff has suffered bodily injury, pain and suffering, disability, the costs for necessary healthcare, treatment and medical services, loss of wages, mental anguish, diminished capacity for the enjoyment of life and diminished quality of life, aggravation of preexisting conditions and activation of latent conditions.

76. As a result of the foregoing, Plaintiff has been injured in a sum that exceeds the jurisdiction of all lower Courts, for which Defendants are jointly and severally liable.

**AS AND FOR A THIRD CAUSE OF ACTION FOR
BREACH OF IMPLIED WARRANTY**

77. Plaintiff repeats, realleges and reiterates the allegations contained in paragraphs

"1" through "76," inclusive, as though each were set forth fully at length herein.

78. Plaintiff reasonably expected that the Product, which was created, developed, engineered, designed, manufactured, wholesaled, distributed, retailed, advertised and/or sold by Defendant FITBIT, INC. and advertised, distributed, retailed, presented, bestowed and/or sold by Defendant QVC, INC., was reasonably safe, proper, merchantable and fit for its foreseeable, customary, usual, and intended uses.

79. Defendants warranted and represented to its customers including Plaintiff that the Product created, developed, engineered, designed, manufactured, wholesaled, distributed, advertised, retailed, presented, bestowed and/or sold by Defendants was reasonably safe, proper, merchantable, and fit for foreseeable, customary, usual and intended uses.

80. Plaintiff could not have had a reasonable expectation, and reasonably did not expect, that the Product would have a defect that would cause Plaintiff to suffer injuries.

81. Plaintiff and other foreseeable users of the Product relied on the aforementioned warranties that the Product was reasonably safe, proper, merchantable and fit for its foreseeable, customary, usual, and intended uses.

82. The Product was unsafe, improper, unmerchantable, and unfit for its foreseeable, customary, usual and intended uses.

83. As a result of the foregoing foregoing, Defendants violated and breached the aforementioned warranty.

84. As a result of the foregoing, Plaintiff has suffered bodily injury, pain and suffering, disability, the costs for necessary healthcare, treatment and medical services, loss of wages, mental anguish, diminished capacity for the enjoyment of life and diminished quality of life, aggravation of preexisting conditions and activation of latent conditions.

85. As a result of the foregoing, Plaintiff has been injured in a sum that exceeds the jurisdiction of all lower Courts, for which Defendants are jointly and severally liable.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR BREACH OF EXPRESS WARRANTY

86. Plaintiff repeats, realleges and reiterates the allegations contained in paragraphs "1" through "85," inclusive, as though each were set forth fully at length herein.

87. Defendants, in advertising, marketing, promoting and labeling the Product, warranted and represented to the public, and specifically Plaintiff, that the Product, when worn and used, would improve the health and wellness of its wearers and was fit for safe use, in such a way as to induce purchase or use, and thereby made an express warranty that the Product would conform to the representation.

88. Such advertising, marketing, promoting and labeling were done for the purpose of inducing purchase or use of the Product by Plaintiff.

89. The Product did not conform to Defendants' representations, insofar as the Product, when worn and used as intended by Defendants, did not increase the health and wellness of Plaintiff and was not safe and non-defective, but rather, caused Plaintiff to suffer injuries.

90. Because the Product failed to conform to Defendants' representations, Defendants breached their express warranty to Plaintiff.

91. At the time of the occurrence, Plaintiff was using the Product for the purpose and in the manner intended by Defendants.

92. Plaintiff could not have discovered Defendants' breach of their express warranty or realized the Product's danger through use of reasonable care.

93. The breach of warranty was a substantial factor in bringing about Plaintiff's injuries.

94. As a result of the foregoing, Plaintiff has been injured in a sum that exceeds the jurisdiction of all lower Courts, for which Defendants are jointly and severally liable.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR NEGLIGENT MISREPRESENTATION

95. Plaintiff repeats, realleges and reiterates the allegations contained in paragraphs "1" through "94," inclusive, as though each were set forth fully at length herein.

96. Defendants made statements that the Product, when worn and used, would improve the health and wellness of its wearers and was fit for safe use, knowing that the statements are required for a particular purpose and that the statements are made for the benefit of the public, and specifically Plaintiff, who is known to rely upon them and could have been damaged if the statements were inaccurate.

97. Defendants had a duty to the public, and to Plaintiff in particular, to take reasonable care that the foregoing statements were accurate.

98. Defendants, in making such statements, did not use the degree of care that a reasonably prudent person would use under the same circumstances.

99. Plaintiff relied on Defendants to design, manufacture and/or sell her a product that, when worn and used, would improve her health and wellness and was fit for safe use.

100. The statements prepared by Defendants were false, insofar as Plaintiff's use of the Product in the manner intended by Defendants caused her to suffer injuries.

101. As a result of the foregoing statements by Defendants, Plaintiff has suffered bodily injury, pain and suffering, disability, the costs for necessary healthcare, treatment and medical services, loss of wages, mental anguish, diminished capacity for the enjoyment of life and diminished quality of life, aggravation of preexisting conditions and activation of latent conditions.

102. Defendants' failure to use reasonable care in issuing such statements caused Plaintiff injuries in a sum that exceeds the jurisdiction of all lower Courts, for which Defendants are jointly and severally liable.

## **ARTICLE 16 EXCEPTIONS**

103. Plaintiff repeats, realleges and reiterates the allegations contained in paragraphs "1" through "102," inclusive, as though each were set forth fully at length herein.

104. This action falls within one or more of the exceptions set forth in CPLR § 1602.

105. By reason of the above, Defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR, specifically: (a) CPLR § 1602(2)(ii), in that Defendants' liability arises from any immunity or right of indemnification available to or conferred upon any Defendant for any negligent or wrongful act or omission; (b) CPLR § 1602(2)(iv), in that Defendants' liability arises by reason of a non-delegable duty or by reason of respondeat superior; and (c) CPLR § 1602(7), in that Defendants acted with reckless disregard for safety of others.

106. Pursuant to CPLR § 1602(2)(ii), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiffs' non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that Defendants have entered into indemnification agreements for any negligent or wrongful act or omission.

107. Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

108. Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for

all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that Defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to Plaintiff's damages.

109.    Pursuant to CPLR § 1602(7), Defendants and any third-parties who may later join this action are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR § 1601, by reason of the fact that Defendants acted with reckless disregard for the safety of others.

**WHEREFORE**, Plaintiff, DAISY ADAMES, demands judgment against Defendants, QVC, INC. and FITBIT, INC., jointly and severally, in an amount that exceeds the jurisdictional limitations of all lower Courts that would otherwise have jurisdiction, for negligence, strict product liability, breach of implied warranty, breach of express warranty, and negligent misrepresentation in connection with Plaintiff's injuries resulting from the creation, development, engineering, design, manufacture, wholesale, distribution, retail, advertising and/or sale of the product known as the Fitbit Blaze™, together with the costs and disbursements of this action.

Dated:   July 12, 2021
         Great Neck, New York

The Law Firm of Elias C. Schwartz, PLLC
By: Jason M. Rosenbaum, Esq.
*Attorneys for Plaintiff*
*Daisy Adames*
343 Great Neck Road
Great Neck, New York 11021
(516) 487-0175

Supreme Court of the State of New York
County of Suffolk

Index No.:

---

DAISY ADAMES,

        Plaintiff,

**VERIFICATION**

- against -

QVC, INC. and FITBIT, INC.,

        Defendants.

---

State of New York )
        ) s.s.:
County of Suffolk )

  **DAISY ADAMES**, being sworn, says: I am the Plaintiff in the above entitled action. I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my own knowledge, except as to the matters stated to be asserted upon information and belief, and as to those matters, I believe them to be true.

  The grounds of my belief as to all matters is my personal knowledge.

*/s/ Daisy Adames*
DAISY ADAMES

Sworn to before me on this
12th day of July, 2021

*/s/ Jason M Rosenbaum*
Notary Public

JASON M ROSENBAUM
Notary Public, State of New York
Reg. No. 02RO6346868
Qualified in Nassau County
Commission Expires 08/22/2024